ACCEPTED
03-16-00607-CV
12662619
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/13/2016 9:46:35 AM
JEFFREY D. KYLE
CLERK

No. 03-16-00607-CV

|  |  |
| --- | --- |
| In the Third Court of Appeals<br>Austin, Texas | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS<br>9/13/2016 9:46:35 AM<br>JEFFREY D. KYLE<br>Clerk |

AARON BISHOP, ALBERT CORTEZ, JR., AURELIO MARTINEZ, TOMAS MONTEZ, RICARDO PELAYO, RODERICK WESLEY, RONALD BOOKER, ERIC DELOSSANTOS, JOVITA LOPEZ, NORRIS MCKENZIE, OSCAR RAMIREZ, MONROE YARBROUGH, RICHARD BURNS, HENRY MORENO, JESSE PRADO, ET AL.

Plaintiffs – Appellants

v.

THE CITY OF AUSTIN

Defendant - Appellee

Appeal from Cause No. D-1-GN-14-002459
345th Judicial District Court of Travis County, Texas

## JOINT MOTION TO LIFT STAY FOR ENTRY OF CONFIDENTIALITY ORDERS AND TO PERMIT SUPPEMENTATION OF THE CLERK'S RECORD AS TO CERTAIN PLEADINGS

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellant/Cross-Appellee[1], City of Austin; Appellee, Donald Baker; and

Cross-Appellants, Bishop, Booker, Burns, Cortez, De los Santos, Lopez, Martinez,

---

[1] The City of Austin is the appellee in a related appeal from the same underlying lawsuit, Third Court of Appeals No. 03-16-00580-CV, which appeal was filed by all plaintiffs with the exception of Donald Baker.

McKenzie, Montez, Moreno, Pelayo, Prado, Ramirez, Stanesic, Vanzura, Wesley and Yarbrough (jointly referred to as "the Parties"), file this Motion to Lift Stay for Entry of Confidentiality Orders and to Permit Supplementation of the Clerk's Record as follows:

## I. PROCEDURAL BACKGROUND

### A. Automatic Stay of Trial Court Proceedings

Pursuant to sections 51.014 and 101.001(3)(B), Texas Civil Practices & Remedies Code, Plaintiffs' Notice of Appeal in Third Court of Appeals No. 03-16-00580-CV (filed August 30, 2016), which arises from the trial court's orders granting the City's pleas to the jurisdiction in regard to seventeen of the eighteen plaintiffs in the underlying lawsuit, initiated an automatic stay to all proceedings in the trial court. *See* TEX.CIV.PRAC.&REM. CODE §§51.014(a)(8) and (b). This appeal is an accelerated, interlocutory appeal. *Id;* TEX.R.APP.P. 28.1(a).

### B. September 8th Notice of Appeal by the City related to Baker Order

On September 8, 2016, the City of Austin filed its Notice of Appeal in regard to the August 22, 2016 "Order Denying City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment as to Plaintiff, Donald Baker", which is the basis for this appeal.

## II. PENDING CONFIDENTIALITY ORDERS IN THE TRIAL COURT

At the time Plaintiffs'/Appellants filed their Notice of Appeal in Third Court

2

of Appeals No. 03-16-00607-CV, counsel for the Parties were in the process of finalizing proposed orders for the state district court judge who presided over a hearing on the Parties' "Joint Motion for Temporary Sealing of Exhibits Pursuant to Texas Rule of Civil procedure 76a", 345th Judicial District Court Judge, Stephen Yelenosky. The pending orders relate to confidential records and information designated by one or more of the Parties or a witness as confidential, submitted to the District Clerk under seal by the City of Austin, or filed by Plaintiffs with a heading in red ink, "Contains Sensitive Data", "Contains Sensitive Information", or similar heading to indicate confidentiality of Austin Police Department Internal Affairs Division records, and which are confidential by state statute or other law. Nine confidentiality orders were signed by Judge Yelenosky, between August 9, 2016 and August 22, 2016, and thus, prior to the Notice of Appeal. The parties anticipate providing an estimated 12 additional proposed confidentiality orders to Judge Yelenosky for signature in regard to Judge Yelenosky's rulings. Attached as Exhibit "1" to this Motion is a true and correct copy of the Parties' *Joint Motion for Temporary Sealing of Exhibits* and Exhibits "A", "B", and "C" to that motion. Attached as Exhibit "2" to this Motion is a letter to Judge Yelenosky that contains a list of confidential records at issue.

Following is a list of the exhibits to specified pleadings and portions of pleadings that have been identified by the Parties as containing confidential

3

information pursuant to law, and in regard to which the Parties are seeking additional trial court orders sealing the confidential records/information:

1. Exhibit "5" of Exhibit "A-Aff of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No Evidence Summary Judgment Re: Jesse Prado* (9/30/15);

2. Paragraphs 19-20 (contained on pages 7-8) of *Plaintiff Donald Baker's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment.*

3. Affidavit of Donald Baker, which bears the denotation, "CONTAINS SENSITIVE DATA".[2]

4. Exhibit "V" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/29/16)

5. Exhibit "W" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio*

---

2 Baker's affidavit includes confidential information related to Internal Affairs investigations about which he complains. His affidavit is attached to numerous responses and amended responses to pleas to the jurisdiction (PTJ) and motions for summary judgment (MSJ).
which was submitted by Plaintiffs as an exhibit to numerous responses and amended responses to pleas to the jurisdiction (PTJ)/motions for summary judgment(MSJ).:
    (a) Exhibit "C" to *Plaintiff Donald Baker's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment;*
    (b) Exhibit "D" to Vanzura's Response to the City's PTJ/MSJ
    (c) Exhibit "E" to Burns' Amended Response (and response) to the City's PTJ/MSJ
    (d) Exhibit "E" to Prado's Amended Response (and response) to the City's PTJ/MSJ
    (e) Exhibit "E" to Amended Response (and response) to the City's PTJ/MSJ re Lt/Sgt/Lopez

4

*Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/29/16)

6.     Exhibit "V" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)

7.     Exhibit "W" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)

8.     Paragraphs 32-40, 43-45 of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/29/16)

9.     Paragraphs 32-40, 43-45 of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)

10.     Exhibit "D" to *Plaintiffs' Response to Defendant City of Austin's*

*Late-Filed Exhibits AAA-EEE"* (6/1/16), and designated as "*** Confidential Portion ***" and "CONTAINS SENSITIVE DATA" (the second transcript, pp. 6 - 62), which was inadvertently submitted by Plaintiffs.

### III. RELIEF REQUESTED

First, the Parties request that this Court enter an order lifting the automatic stay of proceedings in the trial court for the limited purpose of finalizing trial court orders related to the records listed as items 1 through 10 in the preceding subsection I(C) of this Motion. *See* TEX.CIV.PRAC.&REM. CODE §§51.014(a)(8) and (b).

Secondly, the Parties request that the Court enter an order directing the District Clerk to NOT include in the initial Clerk's Record the following pleadings, which contain, in part, information or records that are confidential by law.

1. *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No Evidence Summary Judgment Re: Jesse Prado* (9/30/15);

2. *Plaintiff Donald Baker's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/10/16)*;*

3. *Plaintiff Lester Vanzura's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional No-Evidence Summary Judgment* (4/6/16)*;*

4. *Plaintiff Richard Burns' Response to Defendant City of Austin's Plea to*

6

*the Jurisdiction and Motion for Traditional No-Evidence Summary Judgment* Response to the City's PTJ/MSJ (4/1/16)*;*

5. *Plaintiff Richard Burns' Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional No-Evidence Summary Judgment* Response to the City's PTJ/MSJ (4/11/16)*;*

6. *Plaintiff Jesse Prado's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional No-Evidence Summary Judgment* (3/30/16)*;*

7. *Plaintiff Jesse Prado's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional No-Evidence Summary Judgment* the City's PTJ/MSJ (4/11/16)*;*

8. *Plaintiffs Ronald Booker, Eric De los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez and Monroe Yarbrough, Jr.'s Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional No-Evidence Summary Judgment* (3/23/16)

9. *Plaintiffs Ronald Booker, Eric De los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez and Monroe Yarbrough, Jr.'s Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional No-Evidence Summary Judgment* (4/11/16)

10. *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas*

*Montez, Ricardo Pelayo and Roderick Wesley's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/29/16)

11.  *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)

12.  *Plaintiffs' Response to Defendant City of Austin's Late-Filed Exhibits AAA-EEE* (6/1/16).

Finally, the Parties request that the Court enter an Order directing the trial court clerk to supplement the Clerk's Record in this appeal within ten days of entry of orders by the trial court that address the preceding issues of confidentiality raised by the Parties in regard to the preceding listed pleadings (items 1-12 of pp. 6-8 of this Motion).

## IV. ARGUMENT & AUTHORITIES

This Court has directed that "Documents originating at the trial court level that have been sealed by order of the trial court should be sealed by the clerk of the trial court before the documents are tendered to [the Third Court of Appeals]". *Practice Before the Third Court of Appeals,* item 32 http://www.txcourts.gov/3rdcoa/practice-before-the-court/#sealed-docs-orig-trial-

8

court. Additionally, this Court has directed that the trial court clerk segregate sealed records from unsealed records and tender the records separately. *Id.*

The confidential information and records sought to be protected by the Parties includes confidential Austin Police Department Internal Affairs Division investigation records and decision making relevant to those records, which are confidential under state law. TEX. LOCAL GOV'T CODE §§ 143.051-.055; OR 2011-16265; OR2001-2888; Ex. "1", *Joint Motion for Temporary Sealing of Exhibits pursuant to Texas Rule of Civil Procedure 76a* at 7-9. Further, information contained in the confidential transcript of the deposition of Robert Travis also contains information protected by federal law, the Family Medical Leave Act. 29 U.S.C. 2601, *et seq.* 29 C.F.R. §825.500(g); Ex. "1" at 9-10. Additionally, Texas Rules of Appellate Procedure 9.2(c )(3) and 9.9 (a), (b) and (d) provide procedures for maintaining the confidential nature of sealed records and information that is confidential by law.

In Chapter 143 of Texas Local Government Code, the Texas Legislature authorized police and fire departments to maintain confidential records of police officers and fire fighters (section 143.089(g)) and specified that the department's confidential file may not include records related to the following types of disciplinary actions: removal, suspension, demotion, and uncompensated duty. See TEX. LOCAL GOV'T CODE §§ 143.051-.055; OR 2011-16265; *see* OR2001-2888 at 2

9

and *Atty Gen'l Op. JC*-0257 at 1 (2000)(written reprimand is not disciplinary action for purposes of chapter 143 of the Local Government Code; a written reprimand must be placed in the confidential departmental file—not in the public civil service file). Information reasonably relating to an officer's employment relationship with a police or fire department and maintained in the department's internal file pursuant to section 143.098(g) is confidential. *City of San Antonio v. San Antonio Express-News,* No.04-99-00848-CV, 2000 WL 1918877 (Tex. App. -- San Antonio, Dec. 20, 2000, no pet. h.); OR 2001-2888 at 2.

Pursuant to the procedures of this Court, the above argument and authorities, and and the argument and authorities set forth in the *Joint Motion for Temporary Sealing of Records,* the Parties request that the automatic stay be lifted for the limited purpose of allowing the trial court to finalize all orders related to the sealing of confidential records in the custody of the Travis County District Clerk prior to the Clerk's Record being prepared in regard to the twelve pleadings listed on pages 6-8 of this Motion.

## V. PRAYER FOR RELIEF

For the reasons set forth above, the Parties: Appellants, City of Austin and Appellee Baker in this appeal and Cross-Appellants in Third Court of Appeals No. 03-16-00580, respectfully request that this Court grant their Joint Motion for Entry of Clerk to Lift Stay for Entry of Confidentiality Orders and to Permit

10

Supplementation of the Clerk's Record as to Certain Pleadings. The Parties request that the automatic stay be lifted so that the trial court may finalize all orders related to the sealing of confidential records in the custody of the Travis County District Clerk prior to the Clerk's Record being prepared in regard to the twelve pleadings listed on pages 6-8 of this Motion.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF LITIGATION

BY:  /S/ Lynn E. Carter
      Michael Siegel
      State Bar No. 24093148
      Michael.siegel@austintexas.gov
      Lynn E.Carter
      Assistant City Attorney
      State Bar No. 03925990
      Lynn.carter@austintexas.gov
      City of Austin-Law Department
      P. O. Box 1546
      Austin, Texas 78767-1546
      Telephone: (512) 974-1342
      Facsimile: (512) 974-1311
      COUNSEL FOR APPELLEE/CROSS-
      APPELLANTS


By:  /s/ Mark Crampton (by permission)
      Mark W. Crampton
      State Bar No. 00789786
      CRAMPTON LAW OFFICE
      3355 BEE CAVES ROAD, SUITE 301-B
      Austin, Texas 78746
      (512) 892-9300
      (512) 891-0262 (fax)
      mark@cloatx.com
      COUNSEL FOR APPELLANTS/
      PLAINTIFFS AND CROSS-
      APPELLEE/PLAINTIFF BAKER

12

## CERTIFICATE OF CONFERENCE

Pursuant to TEX. R. APP. PROC. 10.5, I certify that counsel for all Parties in the lawsuit made the basis of this appeal are in agreement with and join in this motion as indicated by the above signatures.

/s/ Lynn E. Carter
Lynn E. Carter
Assistant City Attorney
Counsel for Defendant – Appellee

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this notice on counsel of record electronically, in accordance with the Court's rules on electronic filing, on September 12, 2016, as listed below:

**Via E-Service to:**
Mark W. Crampton
Crampton Law Office
3355 Bee Caves Road, Suite 301-B
Austin, Texas 78746
**COUNSEL FOR PLAINTIFFS - APPELLANTS**

I further certify that a Copy of this motion is being provided to the Travis County District Clerk on the date of electronic filing of this Motion

/s/ Lynn E. Carter
Lynn E. Carter
Assistant City Attorney
Counsel for Defendant – Appellee

# EXHIBIT 1

**JOINT MOTION TO LIFT STAY FOR ENTRY OF
CONFIDENTIALITY ORDERS AND TO
PERMIT SUPPEMENTATION OF THE CLERK'S RECORD AS TO CERTAIN PLEADINGS**

6/16/2016 11:35:21 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-14-002459
Jonathan Sanders

CAUSE NO. D-1-GN-14-002459

| | | |
|---|---|---|
| AARON BISHOP, RONALD J. | § | IN THE DISTRICT COURT OF |
| BOOKER, RICHARD BURNS, | § | |
| ALBERT CORTEZ, JR., | § | |
| ERIC DE LOS SANTOS, JOVITA | § | |
| LOPEZ, AURELIO MARTINEZ, | § | |
| NORRIS McKENZIE, TOMAS | § | |
| MONTEZ, HENRY D. MORENO, | § | |
| RICARDO PELAYO, JESSE PRADO, | § | |
| OSCAR RAMIREZ, RICARDO | § | |
| REZA, JAMES STANESIC, | § | TRAVIS COUNTY, TEXAS |
| LESTER VANZURA, | § | |
| RODERICK WESLEY, and | § | |
| MONROE YARBROUGH, JR., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| CITY OF AUSTIN, | § | |
| Defendant. | § | 353RD JUDICIAL DISTRICT |

**JOINT MOTION FOR TEMPORARY SEALING OF EXHIBITS
PURSUANT TO TEXAS RULE OF CIVIL PROCEDURE 76a**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs and Defendant, City of Austin, also referred to as "the Parties", request that the Court grant their Joint Motion for Temporary Sealing of Exhibits pursuant to Texas Rule of Civil Procedure 76a. Prior to filing of this joint motion, Plaintiffs' counsel reviewed and concurred with sections I, II, III and IV(a) and with the general position that information made confidential by the Family Medical Leave Act is confidential by law and that dates of birth are protected by individual rights of privacy. The remainder of the joint motion (sections IV(B)(C), and (D)) is the product of the City of Austin, unless and until Plaintiffs subsequently indicate their agreement with these specific sections of the motion.

## I. SUMMARY OF ARGUMENT

It is the Parties' position that the following information is "Confidential" by federal or state law: dates of birth (protected by individual rights of privacy under federal and state law); information protected by the Family Medical Leave Act (federal law); and records contained in the Austin Police Department Internal Affairs investigation files (Texas Local Government Code section 143.089(g) and 143.051-.055). The City further asserts that the above records under Rule 76a(2)(a) constitute "documents in court files to which access is otherwise restricted by law", and therefore, the Court should enter an order (1) temporarily sealing the records listed in section III below; (2) permitting the parties to redact all dates of birth from any exhibits attached to pleadings, motions, responses, or replies that contain dates of birth of any Austin Police Department employee or former employee; and (3) permitting the parties to seal, or otherwise withdraw or redact, any deposition testimony of Robert "Bob" Travis designated as "Confidential" and filed under seal or, otherwise, filed with or without notation of confidentiality.

## II. LIST OF EXHIBITS

The parties incorporate by reference the following:

A.     Amended Joint Motion for Agreed Protective Order (12/2/14);

B.     Select Rule 11 Agreements; and

C.     Plaintiffs' List of Exhibits that reference Exhibits "4" and "5" of Dr. Pearson's expert reports (dates of birth) and confidential portions of Robert "Bob" Travis' deposition[1].

In addition to the above-described exhibits, the Parties rely on the pleadings and all other

---

[1] Counsel for the City does not have a clear understanding as to what has been substituted in regard to Bob Travis' deposition testimony, Ex. "D" of *Plaintiffs' Response to…Exhibits AAA-EEE*, p. 3 of Exhibit "3" to this motion.

relevant Rule 11 Agreements on file in this cause.

## III. LIST OF RECORDS AT ISSUE

### A. Records of the City of Austin filed under Seal

**<u>COA's PTJs/MSJs Exhibits Filed Under Seal</u>**

1. <u>Baker</u>

Exhibit 5 of Exhibit "A-Aff" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No-Evidence Summary Judgment Re: Donald Baker* (9/30/15)

Exhibit "CC" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No-Evidence Summary Judgment Re: Donald Baker* (9/30/15)

Exhibits 1-4 of Exhibit "D" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No-Evidence Summary Judgment Re: Donald Baker* (9/30/15)

2. <u>HTU</u>

Statement of Facts to *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit 5 of Exhibit "A-Aff" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "D" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "E" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "G" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "H" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "J" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "K" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "L" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "N" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "P" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "Q" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "S" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Exhibit "V" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

Attachments to Exhibit "XX" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

3.    Lieutenants, Sergeants & Lopez

Exhibit "AA" of *City of Austin's Plea to the Jurisdiction & Traditional and No-Evidence Motion for Summary Judgment Regarding Ronald Booker, Eric De Los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez, and Monroe Yarbrough* (10/2/15)

4

Exhibit "A-Aff-S" of *City of Austin's Plea to the Jurisdiction & Traditional and No-Evidence Motion for Summary Judgment Regarding Ronald Booker, Eric De Los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez, and Monroe Yarbrough* (10/2/15)

Exhibits 7 and 8 to Exhibit "O" of *City of Austin's Plea to the Jurisdiction & Traditional and No-Evidence Motion for Summary Judgment Regarding Ronald Booker, Eric De Los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez, and Monroe Yarbrough* (10/2/15)

4.      Burns, Moreno, Prado, Stanesic, & Vanzura

Exhibit 5 of Exhibit "A-Aff" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No Evidence Summary Judgment Re: Richard Burns* (9/30/15)

Exhibit 5 of Exhibit "A-Aff" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No Evidence Summary Judgment Re: Henry Moreno* (9/30/15)

Exhibit 5 of Exhibit "A-Aff" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No Evidence Summary Judgment Re: Jesse Prado* (9/30/15)

Exhibit 5 of Exhibit "A-Aff" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No Evidence Summary Judgment Re: James Stanesic* (9/30/15)

Exhibit 5 of Exhibit "A-Aff" of *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No Evidence Summary Judgment Re: Lester Vanzura* (9/30/15)

5.      COA Post-Hearing Reply (filed June 10, 2016)

Exhibit "D" of *Defendant, City of Austin's, Reply to Plaintiffs' Post Hearing Submission of June 1, 2016* (6/10/16)

**B.      Records filed by Plaintiffs—generally with the notation of "CONTAINS SENSITIVE DATA" or "CONTAINS SENSITIVE INFORMATION" or "Confidential"**

1.      Internal Affairs Division Files and Statements Quoted from the IA Files

Paragraphs 19-20 of *Plaintiff Donald Baker's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment.*

Exhibit "C", Affidavit of Donald Baker, which bears the denotation, "CONTAINS SENSITIVE DATA"

Exhibit "V" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/29/16)

Exhibit "W" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/29/16)

Exhibit "V" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)

Exhibit "W" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)

Paragraphs 32-40, 43-45 of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/29/16)

Paragraphs 32-40, 43-45 of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)

### C. Records containing Dates of Birth or Information Protected by FMLA

On the date of filing of this motion, Plaintiffs had taken steps to substitute records with the Travis County District Attorneys' Office to redact dates of birth from Exhibits "4" and "5" of Plaintiffs' expert, Dr. Pearson's reports (the original report, amended report and second amended report) filed by Plaintiffs as " (Bishop COA 005563-5567)(also bears denotation of Exhibit "C" and "CONTAINS SENSITIVE DATA"). See Exhibit "3" to this motion, pp. 1-3.

Additionally, Plaintiffs had taken steps to address the filing of the Deposition Transcript designated as "Confidential" of Robert "Bob" Travis' Deposition filed as:

a. Exhibit "D" to *Plaintiffs' Response to Defendant City of Austin's Late-Filed*

*Exhibits AAA-EEE"* (6/1/16), and designated as "\*\*\* Confidential Portion \*\*\*" and "CONTAINS SENSITIVE DATA" (the second transcript, pp. 6 -62).

b.      Exhibit "D" of *Defendant, City of Austin's Reply to Plaintiffs' Post-Hearing Submission of June 1, 2016* (6/10/16), which submitted for filing under seal by the City.

## IV.  ARGUMENTS AND AUTHORITIES

### A.      Internal Affairs Investigation Files of the Austin Police Department

In Chapter 143 of Texas Local Government Code, the Texas Legislature authorized police and fire departments to maintain confidential records of police officers and fire fighters (section 143.089(g)) and specified that the department's confidential file may not include records related to the following types of disciplinary actions: removal, suspension, demotion, and uncompensated duty. See TEX. LOCAL GOV'T CODE §§ 143.051-.055; OR 2011-16265; *see* OR2001-2888 at 2 and *Atty Gen'l Op. JC-0257* at 1 (2000)(written reprimand is not disciplinary action for purposes of chapter 143 of the Local Government Code; a written reprimand must be placed in the confidential departmental file—not in the public civil service file).  Information reasonably relating to an officer's employment relationship with a police or fire department and maintained in the department's internal file pursuant to section 143.098(g) is confidential. *City of San Antonio v. San Antonio Express-News,* No.04-99-00848-CV, 2000 WL 1918877 (Tex. App. -- San Antonio, Dec. 20, 2000, no pet. h.); OR 2001-2888 at 2.

Additionally, APD's Internal Affairs Division files are protected—not only under Texas Local Government Code §143.089 under Texas law—but also by the terms of the Collective Bargaining Agreement between the City of Austin and the Austin Police Association.  *See* Ex. N, p. 53 (COA 14237)(2008-2013 contract); p. 46 (2013-2017 contract)("Information concerning the administrative review of complaints against officers, including but not limited to Internal Affairs Division files and all contents thereof, are intended solely for the Department's use

7

pursuant to Section 143.089(g) of the Texas Local Government Code (the 143.089(g) file.")

Section 143.089(g) of the Texas Local Gov't Code authorizes, police departments to maintain for the police department's use "a separate and independent personnel file on a police officer." TEX. LOCAL GOV'T CODE § 143.089(g); *see* Ex. "N" to *Defendant's Second Amended Response to Plaintiffs' Second Amended Motion to Compel….* (1/22/15). Subsection (g) also regulates the keeping of these files, providing that "the department may not release any information contained in the department file to any agency or person requesting information relating to a police officer". *Abbott v. City of Corpus Christi,* 109 S.W.3d 113, 116 (Tex. App.—Austin 2003, no pet.); *see Ealoms v. State*, 983 S.W.2d 853, 858 (Tex. App.–Waco 1998, writ ref'd)(Statutorily, files maintained under section 143.089(g) are not subject to disclosure.); *City of San Antonio v. Texas Atty. Gen.,* 851 S.W.2d 946, 948 (Tex.App.—Austin 1993, writ denied)(Under the legislative policy of section 143.089, "allegations of misconduct made against a police officer shall not be subject to compelled disclosure under the Act unless they have been substantiated and resulted in disciplinary action.")

The Meet and Confer Agreements also expressly state that information provided or made available for review "remains confidential in the hands of the Officer and his/her representative pursuant to 143.089(g), APD police, and orders of noncommunication about internal investigations." Ex. N to *Defendant's Second Amended Response to Plaintiffs' Second Amended Motion to Compel….* (1/22/15) at pp. 53-57 (COA 14240-42); *see* pp. 50-51 (COA 14234-35); pp. 52, 60 of the 2013-2017 agreement. Also, as explained by the certified copy of the letter of Diane Webb, there is no waiver of this privilege by the City's producing Internal Affairs investigation files to the Equal Employment Opportunity Commission (EEOC). Ex. "J" to *Defendant's Second Amended Response to Plaintiffs' Second Amended Motion to Compel….*

8

(1/22/15).

Because section 143.089(g) files including Internal Affairs Division files are maintained for the purposes of the department rather than the employee, the employee does not possess the right to waive section 143.089(g)'s confidentiality provisions. Pursuant to Texas Local Government Code section 143.089(g) and sections 6 and 8 of the Meet and Confer Agreements[2] that apply to plaintiffs (and the preceding authorities), all internal affairs investigation files produced to Plaintiffs and marked as "Confidential" in this lawsuit are confidential under Texas law. Based on the terms of the Agreed Protective Order in this case, the City marked as "confidential" or for "attorneys eyes only" and produced all relevant Internal Affairs Division (IA) records to Plaintiffs with the exception of the file withheld at the request of the Travis County District Attorney's Office subject to the ongoing criminal investigation privilege. See Order related to *Plaintiffs' Second Amended Motion to Compel* (3/12/15), ¶10. Plaintiffs' filing of information from APD's Internal Affairs investigation files and marking those filings as "CONTAINS SENSITIVE INFORMATION" or "CONTAINS SENSITIVE DATA" does not operate as a waiver of the "Confidentiality" designation in regard to Plaintiffs' filings.

**B.      FMLA Information and Privacy Interests in Dates of Birth**

The Family Medical Leave Act (FMLA) and federal regulations of the U.S. Department of Labor established pursuant to the FMLA contain confidentiality requirements. 29 U.S.C. 2601, *et seq.* 29 C.F.R. § 825.500(g). Detective Bob Travis testified that he wanted to retain the confidentiality of the facts relevant to leave taken by him under the FMLA and in regard to the

---

[2] The terms of the Meet and Confer Agreement are preemptive of the section 143.089(g) to the extent there is any conflict. TEX. LOCAL GOV'T CODE § 142.067; Ex. N at 55 (COA 14239)(2008-13); p. 59 (2013-2017).

9

private health information of his family members. Confidential transcript of deposition of Bob Travis at 45-46, 49. (During the hearing on this motion, the cited pages of the confidential transcript of Travis' deposition will be submitted to the Court for *in camera* review or for filing under seal—as the Court deems appropriate.) Accordingly, based on non-party, Robert "Bob" Travis' privacy interests and the FMLA, the Parties request that the Court enter an order that protects the confidentiality of the deposition testimony of Mr. Travis that has been designated as confidential and submitted by either party as part of their summary judgment/plea to the jurisdiction evidence or evidence submitted in response to same.

The Texas Supreme Court has recognized public employees' privacy interests in maintaining the confidentiality of their dates of birth, and has held that disclosing birth dates under the Texas Public Information Act would constitute a clearly unwarranted invasion of personal privacy. *Texas Comptroller of Pub. Accounts v. Attorney Gen. of Texas,* 354 S.W.3d 336, 347-48 (Tex. 2010). Likewise, the U.S. Supreme Court has held that "[i]nformation such as place of birth, date of birth, date of marriage, employment history, and comparable data…if contained in a 'personnel' or 'medical' file" is exempt from any disclosure under the Freedom of Information Act "as such disclosure would constitute a clearly unwarranted invasion of personal privacy." *U.S. Dep't of State v. Wash. Post Co.,* 456 U.S. 595, 600, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982). In the Texas Supreme Court decision cited above, the threat of identity theft connected to disclosure of birth dates was discussed at length. *Texas Comptroller of Pub. Accounts,* 354 S.W.3d at 343-348. Accordingly, the parties have substituted exhibits to their pleadings with redacted dates of birth to protect the privacy interests of Austin Police Department employees—some of whom are plaintiffs and the majority of whom are non-parties. The Parties request that the Court enter an order approving the Parties substitution of exhibits

10

with redacted dates of birth.

## C. Specific, Serious and Substantial Interest

Because the Parties intended for the records at issue to be confidential and because the records at issue are confidential under federal and state law, the Parties have shown that a specific, serious and substantial interests that clearly outweigh any presumption of openness involved in any unintended disclosure of the records to the public. Further a review of the records themselves shows that sealing the records would have no effect upon the general public health or safety. Where records sought to be sealed were originally intended to be confidential and that the underlying matter may not have been finally resolved, the party seeking to seal the record established a "specific, serious and substantial interest" in having the records sealed. *In re Browning-Ferris Indus., Inc.,* 267 S.W.3d 508, 513 (Tex. App. 2008)

## D. CONFLICT BETWEEN SUBSTANTIVE RULES OF CONFIDENTIALITY AND RULE 176A

It is the City's position that to the extent Rule 76a requires a showing of immediate or irreparable injury prior to temporarily sealing records that are confidential by federal or state law, that Rule 76a conflicts with section 22.004(a) of the Texas Government Code, which provides: "The supreme court has the full rulemaking power in the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigation." As shown by the Parties' agreements and stipulations in their joint motion for protective order, their Rule 11 Agreements in this cause, and the content of the actual records filed under seal, as well as the content of the records filed with notations indicating the records are confidential in nature, there was no intent by the City to waive any confidentiality of the records at issue; nor is there evidence of any other act of waiver (by intent or inadvertence) by a

11

party with the authority to waive the confidentiality of any records at issue. Because Texas and federal substantive law provide for the confidentiality of the records at issue, any further required showing of immediate or irreparable harm provides a temporary substantive right to the public that conflicts with the substantive rights of individuals to their privacy interests and to the City's interests in maintaining the confidentiality of Internal Affairs investigative files. Accordingly, Rule 76a is in conflict with section 22.004 of the Texas Government Code, as well as federal and state substantive law, because requiring such additional proof would abridge, limit, or modify the substantive rights of litigants, as well as non-parties to the litigation. Further, it is the City's position that no party should be able to waive the privacy or the confidentiality interests of another party or a non-party by filing records designated as confidential in a manner that does not comply with the terms of an Agreed Protective Order, or in a manner that fails to protect the confidentiality of the records. "[W]hen a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute as provided by Texas Government Code section 22.004." *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000); *Few v. Charter Oak Fire Ins. Co.,* 463 S.W.2d 424, 425 (Tex.1971); *see Kirkpatrick v. Hurst,* 484 S.W.2d 587, 589 (Tex.1972)(Rule 4 may not be given effect to conflict with substantive statutes of limitations.)

**WHEREFORE, PREMISES CONSIDERED,** the Parties request that the Court enter an order temporarily sealing the records identified in section III of this motion, and that the Court further enter an order in compliance with Rule 76a to ensure the sealing of the identified records permanently, and if appropriate, that the Court's order include the additional requirements of Rule 76a for setting a hearing on the parties' motion to permanently seal court records. The Parties further request any and all other relief that the Court deems they are entitled.

RESPECTFULLY SUBMITTED,

/s/   Lynn E. Carter
Lynn E. Carter, Assistant City Attorney
Attorney in Charge
State Bar No. 03925990
lynn.carter@austintexas.gov
H. Gray Laird, Assistant City Attorney
State Bar No. 24087054
gray.laird@austintexas.gov
Megan T. Mosby, Assistant City Attorney
State Bar No. 24073392
megan.mosby@austintexas.gov
Michael Siegel, Assistant City Attorney
State Bar No. 24093148
michael.siegel@austintexas.gov
City of Austin Law Department
P.O. Box 1546
Austin, Texas 78767-1546
Telephone:  (512) 974-2171
Facsimile:   (512) 974-1311
**ATTORNEYS FOR DEFENDANT**


 /s/Mark Crampton  (signed with permission)
Mark Crampton
Crampton Law Office
3355 Bee Caves Road, Suite 301-B
Austin, Texas 78746
Telephone:  (512) 892-9300
Facsimile:    (512) 891-0262
mark@cloatx.com
mike@cloatx.com

13

Jerry Galow
Justin Studdard
Galow & Studdard, P.C.
2203 Onion Creek Parkway, Unit 10
Austin, Texas 78747
Telephone: (512) 481-0200
Facsimile: (512) 481-0250
jerry@galowlaw.com
justin@galowlaw.com
jolynn@galowlaw.com
**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2016, I electronically filed the above

pleading with the Clerk of the Court and that I served Plaintiffs as follows:

**Via E-Service:**

| | |
|---|---|
| Mark Crampton | Jerry Galow |
| Crampton Law Office | Justin Studdard |
| 3355 Bee Caves Road, Suite 301-B | Galow & Studdard, P.C. |
| Austin, Texas 78746 | 2203 Onion Creek Parkway, Unit 10 |
| Telephone: (512) 892-9300 | Austin, Texas 78747 |
| Facsimile: (512) 891-0262 | Telephone: (512) 481-0200 |
| mark@cloatx.com | Facsimile: (512) 481-0250 |
| mike@cloatx.com | jerry@galowlaw.com |
| | justin@galowlaw.com |
| **ATTORNEYS FOR PLAINTIFFS** | jolynn@galowlaw.com |


   /s/ Lynn E. Carter
Lynn E. Carter

EXHIBIT A

**JOINT MOTION FOR TEMPORARY SEALING OF EXHIBITS**
**PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 76a**

CAUSE NO. D-1-GN-14-002459

| | | |
|---|---|---|
| AARON BISHOP, RONALD J. | § | IN THE DISTRICT COURT OF |
| BOOKER, RICHARD BURNS, | § | |
| ALBERT CORTEZ, JR., | § | |
| ERIC DE LOS SANTOS, JOVITA | § | |
| LOPEZ, AURELIO MARTINEZ, | § | |
| NORRIS McKENZIE, TOMAS | § | |
| MONTEZ, HENRY D. MORENO, | § | |
| RICARDO PELAYO, JESSE PRADO, | § | |
| OSCAR RAMIREZ, RICARDO | § | |
| REZA, JAMES STANESIC, | § | TRAVIS COUNTY, TEXAS |
| LESTER VANZURA, | § | |
| RODERICK WESLEY, and | § | |
| MONROE YARBROUGH, JR., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| CITY OF AUSTIN, | § | |
| Defendant. | § | 353RD JUDICIAL DISTRICT |

## AMENDED JOINT MOTION FOR AGREED PROTECTIVE ORDER

Pursuant to Texas Rule of Civil Procedure 176.6(e), Plaintiffs and Defendant ("the Parties") file this amended joint motion to request that the Court enter an Agreed Protective Order, which addresses in part the issues for which a protective order may be appropriate in this lawsuit.

The parties acknowledge that they have not been able to reach agreement on all issues in dispute in regard to the terms of a protective order. However, the attached includes the agreement reached between the parties to date, as well as substituted language in paragraph 12 and 13 of the proposed order pursuant to the Court's "Preferred Rule 76a Language to Modify Western District Protective Order".

## PRAYER

PREMISES CONSIDERED, the Parties request that the Court enter into the record the "Agreed Protective Order" attached as Exhibit A to this motion.

RESPECTFULLY SUBMITTED,

/s/ Lynn E. Carter
LYNN E. CARTER
Assistant City Attorney
Attorney in Charge
State Bar No. 03925990
City of Austin Law Department
P. O. Box 1546
Austin, Texas 78767-1546
(512) 974-2171  (Telephone)
(512) 974-1311  (Facsimile)
lynn.carter@austintexas.gov
ATTORNEYS FOR DEFENDANT


MARK CRAMPTON
Crampton Law Office
1601 Rio Grande Street, Suite 348
Austin, Texas 78701
512-892-9300 phone
512-891-0262 fax
mark@cramptonassociates.com

WALTER L. TAYLOR
Taylor Law Firm
1601 Rio Grande Street, Suite 348
Austin, TX 78701
512-474-6600
512-474-6700 fax
taylorlawfirmatx@gmail.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2014, I served the above pleading on Plaintiffs, by and through their attorneys of record, in compliance with the Texas Rules of Civil Procedure.

**Via E-filing and Facsimile to:**

Mark Crampton
Crampton Law Office
1601 Rio Grande Street, Suite 348
Austin, Texas 78701
512-892-9300 phone
512-891-0262 fax
mark@cramptonassociates.com

Walter L. Taylor
Taylor Law Firm
1601 Rio Grande Street, Suite 348
Austin, TX 78701
512-474-6600
512-474-6700 fax
taylorlawfirmatx@gmail.com

ATTORNEYS FOR PLAINTIFFS


/s/ Lynn E. Carter
LYNN E. CARTER

| | | |
|---|---|---|
| AARON BISHOP, RONALD J. | § | IN THE DISTRICT COURT OF |
| BOOKER, RICHARD BURNS, | § | |
| ALBERT CORTEZ, JR., | § | |
| ERIC DE LOS SANTOS, JOVITA | § | |
| LOPEZ, AURELIO MARTINEZ, | § | |
| NORRIS McKENZIE, TOMAS | § | |
| MONTEZ, HENRY D. MORENO, | § | |
| RICARDO PELAYO, JESSE PRADO, | § | |
| OSCAR RAMIREZ,   RICARDO | § | |
| REZA, JAMES STANESIC, | § | TRAVIS COUNTY, TEXAS |
| LESTER VANZURA, | § | |
| RODERICK WESLEY, and | § | |
| MONROE YARBROUGH, JR., | § | |
|      Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| CITY OF AUSTIN, | § | |
|      Defendant. | § | 353RD JUDICIAL DISTRICT |

## AGREED PROTECTIVE ORDER

On the _____ day of _____, the Court considered the Parties Joint Motion for Agreed Protective Order created pursuant to Texas Rule of Civil Procedure 176.6(e).  The Parties have acknowledged that this Order does not resolve all issues in dispute between the parties in regard confidential information or claims of privilege.  However, the Court finds that the following will assist the Parties in proceeding with discovery in the lawsuit.

It is hereby ORDERED that:

1.     All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation or similar litigation involving third parties who were former detectives in the Human Trafficking/Vice Unit of the Organized Crime Division, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.  Although this Order does not

directly apply to any potential lawsuits, the City is ordered to present a copy of this Order to any opposing party in a lawsuit involving incidents made the basis of this lawsuit.

2.    "Classified Information," as used herein, means any information of any type, kind, or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to that information that it in good faith believes contains confidential information, and any information that is specifically addressed herein. Information or material that is available to the public, including public records, advertising materials, or similar information or material shall not be classified.

3.    The Parties to this lawsuit agree that the following described categories of information are "Confidential" and shall be designated and marked as "Confidential" by any Party who obtains such documents produced for inspection and copying or by any Party producing such documents in discovery in this Lawsuit and in any other lawsuit (subject to third party and/or the court's approval in that separate lawsuit) that may be filed by former detectives in the Human Trafficking/Vice Unit (HTU) of the Austin Police Department (APD) during the tenure of any Plaintiff in HTU.

(a)    Confidential health/medical information and individually identifiable medical/health information of APD personnel pursuant to the Health Insurance Portability and Accountability Act and the Family Medical Leave Act. The Parties further agree that the identities of any non-parties to this Agreement shall be redacted prior to use of same in either Lawsuit.

(b)     Personal identifying information, including dates of birth, driver's license numbers, social security numbers, e-mail addresses, home address information, home phone numbers, or personal cell phone numbers that appear in records produced in this lawsuit.   APD uniformed employee personnel records and photos of APD uniformed personnel that fit within the definition of TEX. LOCAL GOV'T CODE §143,089(g) and 143.090.   Personal identifying information and medical/health-related information of family members/relatives of APD personnel.

(c)     Records that identify victims of a crime or suspected crime.

(d)     Records of any kind related to juvenile offenders or juvenile victims.

(e)     Disciplinary records, charges of misconduct, Internal Affairs Division (IAD) files, communications to/from Internal Affairs related to specific complaints or disciplinary actions, Special Investigations Unit (SIU) files, communications to/from SIU related to specific non-public complaints or disciplinary actions, and any other personnel records or files that fit within the definition of section 143.089 of the Texas Local Government Code.

(f)     Any information marked by the City or any Plaintiff as constituting confidential intelligence information; confidential informant information; or confidential investigative strategies for work groups or task forces.

(g)     Records of ongoing criminal investigations.  (The parties acknowledge that there are records of ongoing criminal investigations that remain in dispute between the parties.).

(h)     Records contained in the following numbered Internal Affairs Division files:

2013-0476

2013-0746

2013-1017

2013-1018

2013-1048

2013-1081

4.      "Qualified Persons," as used herein means:

(a)      Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

(b)      Consulting experts who receive information subject to the confidential consulting expert privilege.  Retained experts or testifying experts (non-consulting experts), who have been designated in writing by notice to all counsel prior to any disclosure of "Confidential" or "For Counsel Only" (or Attorneys' Eyes Only").  Information shall be provided to retained or testifying experts who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be served on opposing counsel upon disclosure or designation of the expert witness);

(c)      The party or one party representative (in regard to the City of Austin) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the party designating such person); and

(d)      Identified third parties who are providing court reporting services; videotaping of depositions; or copying, scanning, bates labeling, or other production of documents in this Lawsuit.

(e)      If this Court so elects, any other person may be designated as a Qualified Person by agreement of the Parties to this Lawsuit, or by order of this Court, after notice and hearing to all parties.

5.	Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6.	Information disclosed at (a) the deposition of a party or one of its present or former officials, representatives, employees, agents or testifying experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control. Similar protections shall be applied to all electronic copies of the transcript. All deposition transcripts shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

7.    (a)    "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

(b)    Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation.

(c)    Each party's counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Person of Paragraph 3 above.

8.    Documents previously produced shall be retroactively designated by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this order. Documents unintentionally produced without designation as "Confidential"

may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

Documents to be inspected for the purposes of being produced for inspection and copying shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

9. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in the examination or cross-examination of any person who is a plaintiff, a current APD employee, or an expert in regard to any document identified as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective of which party produced such information. The parties agree to confer in an attempt to reach agreement as to any former APD employee who is a non-plaintiff and for whom examination or cross-examination is sought by a party in regard to documents identified as "Confidential or "For Counsel Only" (or "Attorneys' Eyes Only")

10. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating

party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

11. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature, which if disclosed to persons of expertise in the area would reveal information that is ,for example, confidential by statute. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

(a)    is in the public domain at the time of disclosure, as evidence by a written document;

(b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)     the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

12.     If a party wishes to include a document, or portions of a document marked as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") in a pleading or other paper to be filed with the Clerk, that party shall <u>serve</u> the pleading or other paper on opposing parties but shall <u>not file</u> it.  Service alone shall constitute filing for the purpose of any deadline.  For 7 days following service, no party shall file the pleading or other paper with the Clerk except pursuant to a ruling on a motion for a Temporary Sealing Order under Rule 76a.  Immediately thereafter, if no motion for a Temporary Sealing Order has been granted, the party who served the pleading or other paper shall file it unsealed with the Clerk.

13.     If a party wishes to offer a document, or portions of a document marked as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") in evidence, any party may, at the time the document is offered, move for a Temporary Sealing Order.

14.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

15.     Within one-hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders

shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

16.     This order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation from conveying to any party client his evaluation in a general way of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

17.     Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

SIGNED this _____ day of _____, 2014.


_____
PRESIDING JUDGE

APPROVED AS TO FORM AND SUBSTANCE:


/s/ Lynn E. Carter
LYNN E. CARTER
Assistant City Attorney
Attorney in Charge
State Bar No. 03925990
City of Austin Law Department
P. O. Box 1546
Austin, Texas 78767-1546
(512) 974-2171  (Telephone)
(512) 974-1311  (Facsimile)
lynn.carter@austintexas.gov
ATTORNEYS FOR DEFENDANT



MARK CRAMPTON
Crampton Law Office
1601 Rio Grande Street, Suite 348
Austin, Texas 78701
512-892-9300 phone
512-891-0262 fax
mark@cramptonassociates.com

WALTER L. TAYLOR
Taylor Law Firm
1601 Rio Grande Street, Suite 348
Austin, TX 78701
512-474-6600
512-474-6700 fax
taylorlawfirmatx@gmail.com

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT B

**JOINT MOTION FOR TEMPORARY SEALING OF EXHIBITS
PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 76a**

# City of Austin
# Law Department

City Hall, 301 West 2nd Street, P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2268

Writer's Direct Line
512-974-2171

Writer's Fax Line
512-974-1311

October 27, 2014

**VIA E-MAIL:**

Mark Crampton
Crampton Law Office
1601 Rio Grande Street, Suite 348
Austin, Texas 78701
512-891-0262 fax
mark@cramptonassociates.com

Walter L. Taylor
Taylor Law Firm
1601 Rio Grande Street, Suite 348
Austin, TX 78701
512-474-6700 fax
taylorlawfirmatx@gmail.com

## RULE 11 AGREEMENT

Re:   **RULE 11 AGREEMENT**: Cause No. D-1-GN-14-002459; *Aaron Bishop, et al. v. City of Austin* in the District Court of Travis County, Texas, 353rd Judicial District.

Dear Mark and Walt,

Following is a proposed Rule 11 Agreement, which includes agreements related to confidential records and a clawback/snap back agreement. The City proposes this Rule 11 Agreement so the City can move forward with producing for inspection and copying confidential personnel records and additional documents for your review while the parties (and Bermudez' attorney) attempt to work out the terms of a more comprehensive agreed protective order that addresses relevant Internal Affairs files, ongoing criminal investigation records, and other privileged, relevant records.

Plaintiffs and their counsel agree to maintain the confidentiality of the following described information by (1) redaction prior to filing with the court; and (2) by all other reasonable means necessary to protect the confidential nature of the information:

### CONFIDENTIAL AND PRIVILEGED INFORMATION

1.    Confidential health/medical information and individually identifiable medical/health information of Austin Police Department personnel pursuant to the Health Insurance Portability and accountability Act and the Family Medical Leave Act.

2.      Personal identifying information, including dates of birth, driver's license numbers, social security numbers, e-mail addresses, home address information, home phone numbers, or personal cell phone numbers that appear in records produced in this lawsuit. APD uniformed employee personnel records and photos of APD uniformed personnel. TEX. LOCAL GOV'T CODE §143,089(g) and 143.090. Personal identifying information and medical/health-related information of family members/relatives of APD personnel.

3.      Records that identify victims of a crime or suspected crime.

4.      Records of any kind related to juvenile offenders or juvenile victims.

## CLAWBACK AGREEMENT

The parties agree that for the purposes of facilitating discovery, the City is turning over voluminous documents and document files (in electronic and paper form), including electronic mail (e-mails), that may contain confidential or privileged communications or information, including private/personal health information; private/personal home address, personal e-mail addresses, and home or personal phone information; attorney-client communications; attorney work product; and information protected by the ongoing criminal investigation privilege, other privileges, or by APD Policy.

The parties further agree that during the thirty (30) day period following the date of delivery of any electronic information or paper documents following the signing of this agreement, the City may identify to Plaintiffs' counsel any documents or electronic information that it claims to be confidential pursuant to the attorney-client or work product privileges, the ongoing criminal investigation privilege, or other confidential information described as confidential in the APD Policy Manual and that such documents or electronic information, including all copies of such documents or electronic data will be returned to the City of Austin. In the event Plaintiffs intend to challenge the confidential nature of the documents or electronic information identified by the City as privileged, Plaintiffs will submit such information for in-camera inspection by the Court, and will retain the confidential nature of the documents and information until the court has made a final ruling or the parties reach further agreement in regard to the documents or information.

Sincerely,

Lynn E. Carter
Assistant City Attorney
City of Austin

Agreed: _____      Date: _____

Mark Crampton
Walter L. Taylor
Attorneys for Plaintiffs

2.      Personal identifying information, including dates of birth, driver's license numbers, social security numbers, e-mail addresses, home address information, home phone numbers, or personal cell phone numbers that appear in records produced in this lawsuit. APD uniformed employee personnel records and photos of APD uniformed personnel. TEX. LOCAL GOV'T CODE §143,089(g) and 143.090. Personal identifying information and medical/health-related information of family members/relatives of APD personnel.

3.      Records that identify victims of a crime or suspected crime.

4.      Records of any kind related to juvenile offenders or juvenile victims.

## CLAWBACK AGREEMENT

The parties agree that for the purposes of facilitating discovery, the City is turning over voluminous documents and document files (in electronic and paper form), including electronic mail (e-mails), that may contain confidential or privileged communications or information, including private/personal health information; private/personal home address, personal e-mail addresses, and home or personal phone information; attorney-client communications; attorney work product; and information protected by the ongoing criminal investigation privilege, other privileges, or by APD Policy.

The parties further agree that during the thirty (30) day period following the date of delivery of any electronic information or paper documents following the signing of this agreement, the City may identify to Plaintiffs' counsel any documents or electronic information that it claims to be confidential pursuant to the attorney-client or work product privileges, the ongoing criminal investigation privilege, or other confidential information described as confidential in the APD Policy Manual and that such documents or electronic information, including all copies of such documents or electronic data will be returned to the City of Austin. In the event Plaintiffs intend to challenge the confidential nature of the documents or electronic information identified by the City as privileged, Plaintiffs will submit such information for in-camera inspection by the Court, and will retain the confidential nature of the documents and information until the court has made a final ruling or the parties reach further agreement in regard to the documents or information.

Sincerely,


Lynn E. Carter
Assistant City Attorney
City of Austin


Agreed: _____          Date:    November 12, 2014
            Mark Crampton
            Walter L. Taylor
            Attorneys for Plaintiffs



# City of Austin

# Law Department

City Hall, 301 West 2nd Street, P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2268

Writer's Direct Line
512-974-2171

Writer's Fax Line
512-974-1311

April 19, 2016

**RULE 11 AGREEMENT**

Mark Crampton
Crampton Law Office
812 San Antonio Street, Ste G-12
Austin, TX 78701
mark@cloatx.com
mikc@cloatx.com
megan@cloatx.com

Jerry Galow
Justin Studdard
Galow & Smith, P.C.
1204 Nueces Street
Austin, Texas 78701
jerry@galowlaw.com
justin@galow.com
jolynn@galow.com

Re: **Rule 11 Agreement:** Cause No. D-1-GN-14-002459; *Aaron V. Bishop, et al. v. City of Austin* in the District Court of Travis County, Texas, 353rd Judicial District

Dear Counselors:

The following sets forth our agreement regarding all pending motions on file. If accurate, please review, sign, and return to me for filing.

(1) The parties have agreed to set all pleas to the jurisdiction and motions for summary judgment, as well as Defendant's objections to Plaintiff's expert and motion to exclude the expert, for hearing on May 9, 2016 for four hours (due to conflicts in Plaintiff's counsel's pre-trial and trial schedule).

(2) All responses or amended responses to the City's pleas to the jurisdiction or motions for summary judgment that were filed on or before April 12, 2016 by Plaintiffs are considered timely in exchange for Plaintiffs' agreement to a 30-day extension of time for the City to file its brief on appeal, if requested and if interlocutory appeal is taken in regard to any ruling on the pending pleas to the court's jurisdiction set for hearing on May 9, 2016.

(3) The deadline for the City to reply to Plaintiff Donald Baker's responses to the City's plea to the jurisdiction and motion for summary judgment is May 2, 2016.

(4) The deadline for the City to reply to Plaintiffs Bishop, Cortez, Martinez, Montez, Pelayo, and Wesley's amended response to the City's plea to the jurisdiction and motion for summary judgment is May 2, 2016.

(5) The deadline for the City to reply to the remaining plaintiffs' response or amended response to the City's pleas to the jurisdiction and motions for summary judgment is May 6, 2016.

April 19, 2016
Rule 11 Agreement, *Bishop, et al. v. City of Austin*
Page 2

(6) Plaintiffs will work with the Travis County District Court Clerk to ensure that any exhibits to any responses or pleadings filed since March 1, 2016, are corrected so that no dates of birth, or other personal identifying information addressed by Rule 11 Agreement or the Agreed Protective order are contained in the public record.

(7) The City will file its reply to Plaintiffs' Response to Defendant's Motion to Strike Expert on or before May 2, 2016.

Sincerely,

Lynn E. Carter
Assistant City Attorney

Agreed: _____
Mark Crampton
Jerry Galow

Date: 4/20/16

Cc:     Gray Laird, Megan Mosby, Mike Siegel (City of Austin Law Department)

# EXHIBIT C

**JOINT MOTION FOR TEMPORARY SEALING OF EXHIBITS
PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 76a**

# Exhibits to be Substituted
## Cause No. D-1-GN-14-002459
## *Bishop, et al. v. City of Austin*

### Substitution from Pearson's Expert Report
### Exhibits 4 and 5

| Envelope # | Date | Document | Exhibit | Page |
|---|---|---|---|---|
| 9752674 | 3/23/16 | Plaintiffs' Booker, et al. Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "P" | pp. 125-129 and 131-132 |
| 9837475 | 3/29/16 | Plaintiffs' Bishop, et al. Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "N: | pp. 117-121 and 123-124 |
| 9860767 | 3/30/16 | Plaintiff Prado's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "F" | pp. 76-80 and 82-83 |
| 9877545 | 3/31/16 | Plaintiff Moreno's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "F" | pp. 92-96 and 98-99 |
| 9903926 | 4/1/16 | Plaintiff Burns' Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "F" | pp. 64-68 and 70-71 |
| 9951693 | 4/5/16 | Plaintiff Stanesic's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "E" | pp. 79-83 and 85-86 |

# Substitution from Pearson 1st Amended Report
## Exhibits 4 and 5

| Envelope # | Date | Document | Exhibit | Page |
|---|---|---|---|---|
| 9986782 | 4/6/16 | Plaintiff Vanzura's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "H" | pp. 69-73 and 75-76 |
| 10034856 | 4/8/16 | Plaintiffs' Response to Defendant's Motion to Strike Expert | Exhibit 2 | pp. 38-42 and 44-45 |
| 10042868 | 4/11/16 | Plaintiff Stanesic's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "E" | pp. 79-83 and 85-86 |
| 10048895 | 4/11/16 | Plaintiff Prado's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "F" | pp. 76-80 and 82-83 |
| 10049210 | 4/11/16 | Plaintiff Moreno's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "F" | pp. 92-96 and 98-99 |
| 10049554 | 4/11/16 | Plaintiff Burns' Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "F" | pp. 64-68 and 70-71 |
| 10050051 | 4/11/16 | Plaintiffs' Booker, et al. Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "P" | pp. 127-131 and 133-134 |
| 10050392 | 4/11/16 | Plaintiffs' Bishop, et al. Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment | Exhibit "N" | pp. 117-121 and 123-124 |
| 10070576 | 4/12/16 | Plaintiffs' Amended Response to Defendant's Motion to Strike Expert | Exhibit 2 | pp. 39-43 and 45-46 |

## Substitution from Pearson 2nd Amended Report
## Exhibits 4 and 5

| Envelope # | Date | Document | Exhibit | Page |
|---|---|---|---|---|
| 10919571 | 6/1/16 | Plaintiffs' Response to Defendant City of Austin's Late-Filed Exhibits AAA-EEE | Exhibit "C" | pp. 44-48 and 50-51 |

## Removing Bob Travis' Confidential Deposition Portion

| Envelope # | Date | Document | Exhibit | Page |
|---|---|---|---|---|
| 10919571 | 6/1/16 | Plaintiffs' Response to Defendant City of Austin's Late-Filed Exhibits AAA-EEE | Exhibit "D" | pp. 96-123 |

# EXHIBIT 2

**JOINT MOTION TO LIFT STAY FOR ENTRY OF
CONFIDENTIALITY ORDERS AND TO
PERMIT SUPPEMENTATION OF THE CLERK'S RECORD AS TO CERTAIN PLEADINGS**

**City of Austin**

# Law Department

301 West 2nd Street, P.O. Box 1546
Austin, Texas 78767-1546
(512) 974-2268

Writer's Direct Line                                    Writer's Fax Line
(512) 974-2171                                          (512) 974-1311

June 28, 2016

The Honorable Stephen Yelenosky        *Via* email to:  claire.webb@traviscountytx.gov
345th District Court
Travis County District Court
1000 Guadalupe Street, 4th Floor
Austin, TX 78701

RE:  Cause No. D-1-GN-14-002459; *Aaron Bishop, et al. v. City of Austin* in the District Court
of Travis County, Texas, 353rd Judicial District.

Dear Judge Yelenosky:

As requested by the Court, the following is a list of confidential records by subject matter.

**List of Confidential Records at Issue by Subject Matter:**

**I.     Records of the Austin Police Department (APD) Internal Affairs Division**

A. Evidence Relevant mainly to the PTJ/MSJ re Baker

1. Baker's affidavit marked, "CONTAINS SENSITIVE DATA", which was submitted by
Plaintiffs as an exhibit to numerous responses and amended responses to pleas to the
jurisdiction (PTJ)/motions for summary judgment(MSJ).

(a)  Exhibit "C" to *Plaintiff Donald Baker's Response to Defendant City of Austin's Plea
to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment;*

(b) Exhibit "D" to Vanzura's Amended Response (and response) to the City's PTJ/MSJ

(c) Exhibit "E" to Burns' Amended Response (and response) to the City's PTJ/MSJ

(d) Exhibit "E" to Prado's Amended Response (and response) to the City's PTJ/MSJ

(e) Exhibit "E" to Amended Response (and response) to the City's PTJ/MSJ re
Lt/Sgt/Lopez

2. Paragraphs 19-20 of pages 7-8 (highlighted) of *Plaintiff Donald Baker's Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (3/10/16)

3. Exhibits to the *City of Austin's Plea to the Jurisdiction & Motion for Traditional and No-Evidence Summary Judgment Re: Donald Baker* (9/30/15)

   (a) Exhibit 5 of Exhibit "A-Aff", Internal Affairs file records attached to Acevedo Affidavit, which contains two confidential memos that are part of APD's Internal Affairs Division files  (Also filed with all of the City's PTJs/MSJs re all plaintiffs.)

   (b) Exhibit "CC", Confidential deposition testimony by Plaintiff Baker, also filed with the *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

   (c ) Exhibits 1-4 of Exhibit "D", Internal Affairs file records attached to Manley Affidavit

4. Unredacted paragraphs 19-20 of Acevedo's affidavit, which disusses the subject matter and outcome of a confidential Internal Affairs investigation, attached as Exhibit "A-Aff-S" of the *City of Austin's Plea to the Jurisdiction & Traditional and No-Evidence Motion for Summary Judgment Regarding Ronald Booker, Eric De Los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez, and Monroe Yarbrough* (10/2/15)

B.     <u>Evidence relevant mainly to the PTJ/MSJ re HTU Detectives</u>

5. The Statement of Facts to the *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15), which was submitted under seal

6. Sworn statements in IA investigation files, submitted under seal by the City as Exhibits "D", "E", "G", "H", "J", "K", "L", "N", "P", "Q", and "S" of the *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

7. Confidential Internal Affairs Case Summary related to File No. 2013-0746; Exhibit "H" of the *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)(submitted under seal)

8. IA Complaint related to Internal Affairs File No. 2013-0746, submitted under seal by the City as Exhibit "G" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

9. IA Complaint related to Internal Affairs File No. 2013-1081, submitted under seal by the City as Exhibit "V" of *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez,*

*Ricardo Pelayo and Roderick Wesley* (9/30/15)

10. File No. 2013-0749 of APD's Internal Affairs Division submitted under seal as attachments to Exhibit "XX", the affidavit of APD records custodian, Chris Foley, to the *City of Austin's Plea to the Jurisdiction & Motion for Summary Judgment Re: Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley* (9/30/15)

11. Paragraphs 32-40, 43-45 of pages 22-29 (highlighted) of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16)(same was submitted as Plaintiff's original response)

12. Statements contained in APD Internal Affairs files, Exhibits "V" and "W" of *Plaintiffs Aaron Bishop, Albert Cortez, Jr., Aurelio Martinez, Tomas Montez, Ricardo Pelayo and Roderick Wesley's Amended Response to Defendant City of Austin's Plea to the Jurisdiction and Motion for Traditional and No-Evidence Summary Judgment* (4/11/16). (Same was submitted with the Plaintiffs' response by similar name (3/29/16) )(same was submitted as Plaintiff's original response)

C.    Evidence mainly Relevant to both Baker and the HTU detectives

13. Confidential testimony of APD Chief Acevedo (by deposition) related to confidential Internal Affairs investigation files and outcomes of those investigations:  filed as Exhibit "AA" to the *City of Austin's Plea to the Jurisdiction & Traditional and No-Evidence Motion for Summary Judgment Regarding Ronald Booker, Eric De Los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez, and Monroe Yarbrough* (10/2/15)

## II.    Confidential Deposition Testimony Protected by the Family Medical Leave Act

14. City's  Submission under Seal of an excerpt from the Confidential Deposition transcript of Robert "Bob" Travis, submitted on June 10, 2016 as Exhibit "D" of *Defendant, City of Austin's, Reply to Plaintiffs' Post Hearing Submission of June 1, 2016*

15. Plaintiff's Inadvertent Submission of the Confidential Transcript of Robert "Bob" Travis' deposition as Exhibit "D" to *Plaintiffs' Response to Defendant City of Austin's Late-Filed Exhibits AAA-EEE''* (6/1/16),  designated as "*** Confidential Portion ***" and "CONTAINS SENSITIVE DATA" (the second transcript, pp. 6 -62).

The confidential portions of Travis' deposition testimony submitted by Plaintiffs are still viewable on the District Clerk's e-filing website.  To the City's knowledge no further word has been received from the Travis County District Clerk on this inadvertent filing and Plaintiffs' request to withdraw same.

## III.    Confidential Dates of Birth in which Redaction has been Completed

The District Clerk's e-filing website has now been updated so that all dates of birth are redacted in regard to Exhibits "4" and "5" of Dr. Pearson's reports filed by Plaintiffs.

**IV. Confidential Dates of Birth Submitted under Seal, and which the City Requests to Remain Under Seal**

16. Exhibits "7" and "8" to Exhibit "O" of *City of Austin's Plea to the Jurisdiction & Traditional and No-Evidence Motion for Summary Judgment Regarding Ronald Booker, Eric De Los Santos, Jovita Lopez, Norris McKenzie, Oscar Ramirez, and Monroe Yarbrough* (10/2/15)".

I believe the above accurately reflects all confidential records at issue, and which are listed by subject matter.

<div style="margin-left:40%">

Sincerely,
/s/Lynn E. Carter (electronic signature)
Lynn E. Carter
Assistant City Attorney
lynn.carter@austintexas.gov

</div>

Cc:   Plaintiffs' Counsel:  Mark Crampton; Jerry Galow, and Justin Studdard
      Assistant City Attorneys:  Gray Laird, Megan Mosby, and Michael Siegel